settled and pending commissions are to be adjudged forfeited in case judgment is obtained in favor of the United States. Addition may be made to the sum reported to be due of the unsettled commissions in the hands of the delinquent, but it is not the purpose of the act to reopen accounts fairly and conclusively adjusted and settled. Instances may be found where the same person has held a particular office for forty years, and if the proposition be correct, a dispute in the settlement of his account for the last quarter of the fortieth year would open the accounts for the entire period he held the office. Such a construction of the act of congress cannot be adopted, and the proposition is accordingly overruled. Referring to the agreed statement, it will be seen that the whole amount reported to be due from the principal defendant accrued under the bond declared on in the second suit. The plaintiffs are entitled to judgment in the second suit, but in the first suit judgment must be entered for the defendants. Costs are allowed in the second suit but the United States are never liable to costs.

---

UNITED STATES (WENTWORTH v.). See Case No. 17,414.

---

## Case No. 16,667.

UNITED STATES v. WEST.

[5 Cranch, C. C. 35.] [1]

Circuit Court, District of Columbia. Nov. Term, 1836.

SLAVERY—PRESUMPTION FROM COLOR—EVIDENCE TO REBUT.

Evidence that a colored person has resided in the county and city of Washington for a year and more, going at large as a free person, and claiming to be free, in the absence of all contradictory evidence, except color, is sufficient to rebut the presumption of slavery, arising from color.

A colored woman was offered as a witness for the United States.

W. L. Brent, for defendant [the negress Priscilla West] objected that prima facie she was a slave.

Mr. Eckloff testified that she had lived in his family as a free woman; that he had known her about twelve months; and that she was generally reputed to be, and passed as a free woman.

D. Waters, a constable, testified that he had known her about a year, and that she was generally reputed to be a free woman. That she had acted openly as such, and everybody believed her to be free.

THE COURT (nem. con.) said this evidence was sufficient to rebut the presumption arising from color, and to throw the burden of proof on the defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,668.

UNITED STATES v. WESTERVELT.

[5 Blatchf. 30.] [1]

Circuit Court, S. D. New York. Nov. 13, 1861.

SLAVE TRADE — RECEIVING NEGROES ON BOARD— CRIMINALITY OF SUBORDINATES— CONSTRAINT AS EXCUSE.

1. Under the fourth section of the act of May 15, 1820 (3 Stat. 600), in regard to the slave trade, the offences prohibited may be committed by any citizen of the United States, on board of any vessel, whether foreign or American.

2. Under that section, it is an offence to receive negroes on board of a vessel, from persons who have seized them and brought them to the vessel's side, in violation of the law; and any person of the vessel's company, on board of the vessel, who is competent to commit a crime, commits such offence by voluntarily receiving, or actually participating in the reception of, the negroes on the vessel, with the intent to make them slaves.

3. Facts and circumstances stated which would amount to a restraint, so as to deprive the acts of a voluntary character, in the case of the subordinates of a vessel.

This was an indictment founded on the fourth and fifth sections of the act of congress of May 15, 1820 (3 Stat. 600), entitled "An act to continue in force 'An act to protect the commerce of the United States and punish the crime of piracy,' and also to make further provisions for punishing the crime of piracy." The defendant [Minthorne Westervelt], at the time of the commission of the offence charged, was the third mate of the ship Nightingale.

E. Delafield Smith, U. S., Dist. Atty.

Charles O'Conor and John McKeon, for defendant.

Before NELSON, Circuit Justice, and SHIPMAN, District Judge.

NELSON, Circuit Justice (charging jury). This indictment is founded upon the fourth and fifth sections of the act of congress of May 15, 1820 (3 Stat. 600). The fourth section is as follows: "If any citizen of the United States, being of the crew or ship's company of any foreign vessel engaged in the slave trade, or any person whatever, being of the crew or ship's company of any ship or vessel, owned in the whole or part, or navigated for, or in behalf of, any citizen or citizens of the United States, shall land from any such ship or vessel, and, on any foreign shore, seize any negro or mulatto, not held to service or labor by the laws of either of the states or territories of the United States, with intent to make such negro or mulatto a slave, or shall decoy, or forcibly bring, or carry, or shall receive, such negro or mulatto on board any such ship or vessel, with intent as aforesaid, such citizen or person shall be adjudged a pirate, and, on conviction thereof before the circuit court of the United States for the district

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]